**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16cv122**

| | |
|---|---|
| DAMIAN HALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM AND** |
| CAROLYN W. COLVIN, ) | **RECOMMENDATION** |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for disability benefits. This case is now before the Court on the Commissioner's Motion to Dismiss [# 12]. Upon a review of the record, the parties' briefs, and the relevant legal authority, the Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [# 12].

**I. Analysis[1]**

A claimant may obtain review of a final decision of the Commissioner made after a hearing by commencing a civil action in the United States District Court in

---

[1] Rather than separately set forth the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

-1-

which the claimant resides. 42 U.S.A. § 405(g). Pursuant to Section 405(g), a claimant must file his or her civil action within sixty days after the Commissioner mails the claimant the decision. Id. This sixty day requirement for filing a civil action is not jurisdiction but constitutes a statute of limitations. Brown v. City of New York, 476 U.S. 467, 478, 106 S. Ct. 2022, 2029 (1986); Hyatt v. Heckler, 807 F.2d 376, 378 (4th Cir. 1986). As a statute of limitations, the sixty day time period may be subject to equitable tolling. Brown, 476 U.S. at 480, 106 S. Ct. at 2030; Hyatt, 807 F.2d at 380.

The Administrative Law Judge ("ALJ") issued the decision in this case on June 2, 2014. Plaintiff requested review of the decision, and the Appeals Council denied Plaintiff's request for review. On November 23, 2015, the Appeals Council mailed Plaintiff the Notice of Appeals Council Action ("Notice") denying Plaintiff's request for review of the decision. The Appeals Council also mailed a copy of the Notice to Plaintiff's representative. Plaintiff then filed this action on March 10, 2016, outside of the sixty day statute of limitations. Thus, barring the application of equitable tolling, Plaintiff's complaint is time barred.

Plaintiff, however, has failed to set forth sufficient grounds for this Court to equitably toll the limitations period in this case. Plaintiff acknowledges that he received the Notice, but contends that he filed the appeal with his local Social

Security Administration office in Rockingham, North Carolina instead of filing a civil action in a United States District Court.  Plaintiff also contends that that this local office told him that they would send his appeal to the "Federal Court."  (Pl.'s Resp. Mot. Dismiss 1, ECF No. 14.)

The Notice Plaintiff received clearly sets out the manner in which Plaintiff was to file a civil action, including that the action should be filed in the United States District Court for the judicial district in which he lived.  (Hartt Decl. Ex. 2, at 3.)  The Notice even informs Plaintiff that he needs to file a complaint, who the complaint should name, and how to perfect service of the complaint and summons.  (Id.)   The Notice also warned Plaintiff that he had sixty days to file his civil action requesting court review of the Commissioner's decision.  (Id.)  Any failure to timely file a complaint in this Court is the result of Plaintiff's own lack of diligence, not some circumstance beyond his control.  The Court finds that no circumstances justifying the application of equitable tolling arise in this case.   The Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [# 12] and Dismiss this action as time barred.

## VI.    Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** the Motion to

Dismiss [# 12] and Dismiss this action as time barred.

Signed: August 30, 2016

Dennis L. Howell
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).