# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:16-cv-00122-MR-DLH

| | | |
|---|---|---|
| DAMIAN HALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Plaintiff's filing entitled "Recommendation," which the Court construes as a motion for reconsideration. [Doc. 19].

## I.  BACKGROUND

On June 2, 2014, an administrative law judge (ALJ) issued a decision denying the Plaintiff's claim for benefits under Titles II and XVI of the Social Security Act, and mailed a copy thereof to Plaintiff and his representative [Doc. 13-1 at 6]. The Plaintiff requested that the Appeals Council review the ALJ's decision. On November 23, 2015, the Appeals Council mailed the Plaintiff and his representative a Notice advising that the Plaintiff's request

for review was denied. The Notice specifically advised the Plaintiff as follows:

> **If You Disagree With Our Action**
>
> If you disagree with our action, you may ask for court review of the Administrative Law Judge's decision by filing a civil action.
>
> If you do not ask for court review, the Administrative Law Judge's decision will be a final decision that can be changed only under special rules.
>
> **How to File a Civil Action**
>
> You may file a civil action (ask for court review) by filing a complaint in the United States District Court for the judicial district in which you live….
>
> \*   \*   \*
>
> **Time to File a Civil Action**
>
> - You have 60 days to file a civil action (ask for court review).
>
> \*   \*   \*
>
> - If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request.

[Doc. 13-1 at 24-25].

The Plaintiff filed his complaint with this Court on March 10, 2016. [Doc. 1]. The Defendant moved to dismiss the Plaintiff's action as untimely. [Doc. 12]. The Plaintiff filed a response in opposition to the Defendant's motion. [Doc. 14]. On August 30, 2016, the Magistrate Judge issued a Memorandum and Recommendation, recommending that the Defendant's motion be granted. [Doc. 15]. The Plaintiff did not object to this Recommendation, and on September 23, 2016, this Court entered an Order adopting the Magistrate Judge's Recommendation and dismissing this action as untimely. [Doc. 17]. The Plaintiff, despite his failure to object within the time allowed, now seeks reconsideration of that Order. [Doc. 19].

## II. DISCUSSION

The Plaintiff's Complaint was properly dismissed as being untimely.[1] The intent of 42 U.S.C. § 405(g) was "to impose a 60-day limitation upon judicial review of the [Commissioner's] final decision on the initial claim for benefits." Califano v. Sanders, 430 U.S. 99, 108 (1977). The sixty-day limitation period also serves as "a mechanism by which Congress was able

---

[1] The Plaintiff argues as though his entitlement to benefits is a foregone conclusion, and that the procedural deadlines are an irrelevant nuisance. [See Doc. 19 at 2 ("You all need to go ahead and retract your actions and grant me my benefits.")]. The determinations of the ALJ and the Appeals Council, however, were that the Plaintiff is *not* entitled to benefits. The only issue before this Court at present is whether the Plaintiff's failure to comply with the procedural requirements brings to an end his attempts to overturn that decision.

to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." Bowen v. City of New York, 476 U.S. 467, 481 (1986).

The sixty-day limitation period, however, may be tolled "where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" City of New York, 476 U.S. at 480 (quoting Mathews v. Eldridge, 424 U.S. 319, 330 (1976)). Equitable tolling is available only in limited circumstances. See Block v. North Dakota ex rel. Bd. of University and School Lands, 461 U.S. 273, 287 (1983) ("when Congress attaches conditions to legislation waiving the sovereign immunity of the United States, those conditions must be strictly observed, and exceptions thereto are not to be lightly implied").

Here, the Appeals Council sent its notice to the Plaintiff and his representative on November 23, 2015. Under the Commissioner's regulations, the recipients are presumed to have received that notice by November 28, 2015. See 20 C.F.R. §§ 404.901 and 416.1401 (the date a claimant receives notice means five days after the date on the notice, unless the claimant can show that notice was not actually received during five-day period). The Plaintiff initiated this action on March 10, 2016 — well after sixty days of his presumptive receipt of notice of the Appeals Council's November 23, 2015 denial of his request for review of the ALJ's decision.

The Plaintiff claims that he went to the local Social Security Administration office in Rockingham, North Carolina, "within the sixty days allotted" and filed "the appeal." [Doc. 14 at 1]. The Plaintiff further claims that he was instructed by the SSA staff at the Rockingham office that he was "doing the right thing to file at the local branch and they would send it to the Federal Court" and that "if [t]he Federal Court needed any additional information, they would contact [the Plaintiff] by mail." [Id.]. In support of this claim, the Plaintiff attaches a copy of what he purportedly filed with the local SSA office. The form, entitled "Request for Review of Hearing Decision/Order" is date-stamped both December 16, 2015 and February 8, 2016. [Doc. 14 at 3]. This form, however, states on its face that it is a SSA form used to appeal an ALJ decision to the *Appeals Council*. There is nothing on this form to indicate that the Plaintiff intended this to be an appeal to a *District Court*. The document does not support the Plaintiff's argument; it simply does not say what the Plaintiff argues that it says.

The Plaintiff further claims that "[o]nce he found out that he had to go file his appeal at [t]he Federal Courthouse, then he went and file[d] the correct appeal forms at [t]he Federal Courthouse." [Doc. 14 at 1]. This, however, is not sufficient to warrant equitable tolling. The Plaintiff does not explain exactly when or how he learned of his error. He also fails to explain

why he did not follow the explicit instructions in the Appeals Council's letter, which advised him that he had sixty days to file a civil action in the District Court in the judicial district where he lived. As such, the Plaintiff has not shown what is necessary to overcome the high bar that is necessary to demonstrate that equitable tolling of the sixty-day limitations period is warranted in this case.[2]

For the reasons stated, the Court concludes that his Complaint was untimely filed and that this action was properly dismissed.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's filing entitled "Recommendation" [Doc. 19], which the Court construes as a motion for reconsideration, is **DENIED**.

**IT IS SO ORDERED.**

Signed: December 29, 2016

Martin Reidinger
United States District Judge

---

[2] It is also noted that the Plaintiff did not object to the Magistrate Judge's recommendation that this case be dismissed. The Plaintiff has provided no explanation for why he should be excused from his repeated failure to abide by the deadlines.